# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES HERBERT HUMMEL, | : | |
| Plaintiff, | : | Case No. 2:16-cv-937 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| COMMISSIONER OF SOCIAL SECURITY, | : | Magistrate Judge Deavers |
| Defendant. | : | |

## OPINION & ORDER

This matter comes before the Court for consideration of James Herbert Hummel's Objection to Magistrate Judge Deavers's January 9, 2018 **Report and Recommendation** (ECF No. 19), which recommends that this Court overrule Mr. Hummel's Statement of Specific Errors (ECF No. 12) and affirm the Commissioner of Social Security's decision. Upon independent review by this Court, and for the reasons set forth below, Mr. Hummel's Objection is hereby **OVERRULED**. The Court **ACCEPTS** and **AFFIRMS** the Magistrate Judge's **Report and Recommendation**.

## I. BACKGROUND

Mr. Hummel applied for supplemental security income ("SSI") in June of 2014. He alleges that he became disabled on January 1, 2001. After initial administrative denials of his application, an Administrative Law Judge ("ALJ") conducted a hearing on April 4, 2016, and issued a decision on May 20, 2015 finding that Mr. Hummel was not disabled within the meaning of the Social Security Act.

In his opinion denying benefits, the ALJ conducted the required five-step sequential analysis for a disabilities benefits claim. *See* 20 C.F.R. § 416.920(a)(4).[1] At step one, the ALJ determined that Mr. Hummel has not engaged in substantially gainful activity since June 11, 2014, his application date. (ECF No. 11 at PageID 89).

At step two, the ALJ found that Mr. Hummel had the severe impairments of degenerative disc disease of the lumbar spine, arthritis of the knee, and a history of hernia surgery. (*Id.*). The ALJ also concluded that Mr. Hummel's mental impairments of dysthymic disorder, anxiety, and depression did not constitute a severe impairment. (*Id.*).

---

[1] The five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 416.920(a)(4).

At step three, the ALJ further found that these impairments, whether taken alone or in combination, did not meet or medically equal one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at PageID 90).

At step four, the ALJ found that Mr. Hummel has the residual functional capacity ("RFC') to perform light work as defined in 20 CFR § 404.1567(b) and § 416.967(b), except: he would be capable of frequent climbing of ramps or stairs but never climb ladders, ropes or scaffolds; he would be capable of frequent balancing, kneeling and crawling; and occasional stooping and crouching. (*Id.* at PageID 91). The ALJ further found that this RFC would allow Mr. Hummel to perform his past relevant work as a barber. (*Id.* at PageID 94). Thus, the ALJ concluded that Mr. Hummel was not disabled. (*Id.* at PageID 95).

The Appeals Council denied Mr. Hummel's request for review of the ALJ's determination on July 27, 2016, thus rendering the ALJ's benefits-denial decision the Commissioner's final agency action. Mr. Hummel then filed suit in federal court, alleging in his Statement of Errors that the ALJ failed to properly evaluate the severity of his mental impairments and that the RFC is not supported by substantial evidence because the ALJ failed to properly weigh the opinions of his examining physician Dr. Weaver and his treating physician Dr. Moore. Mr. Hummel also argued that the ALJ's analysis in step four is unsupported. (ECF No. 12). On January 9, 2017, the Magistrate Judge recommended that this Court overrule Mr. Hummel's Statement of Errors and affirm the Commissioner's denial of benefits. (ECF No. 19). Mr. Hummel timely objected. (ECF No. 20).

## II.  STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence is "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)); *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (substantial evidence is "more than a scintilla of evidence but less than a preponderance") (quotations omitted). If "substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported the opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quotation omitted).

### III. ANALYSIS

Mr. Hummel objects to the Magistrate Judge's Report and Recommendation on two grounds. First, Mr. Hummel argues that the ALJ did not properly evaluate his mental impairments, and failed to consider the combined effects of his physical and mental impairments in assessing the RFC. (ECF No. 20 at 1). Second, Mr. Hummel argues that the ALJ failed to properly evaluate the medical opinion evidence, specifically that the ALJ erred is discounting the testimony of Dr. Moore and Dr. Weaver. (*Id.* at 3-4). Mr. Hummel requests that the Court reverse the Commissioner's denial of his benefits claim because of these alleged errors.

### A. The ALJ Properly Considered Evidence of Mr. Hummel's Mental Impairments in Making the RFC Determination.

Mr. Hummel first objects to the Magistrate Judge's finding that the ALJ properly considered all of his mental impairments in making the RFC determination. He contends that the ALJ found at least mild limitations in mental functioning at Step Two, but then never discussed them in formulating the RFC. Upon review of the record, this Court disagrees with Mr. Hummel. The Magistrate Judge correctly determined that a review of the ALJ's RFC determination reveals that he considered all of Mr. Hummel's identified mental impairments and thus Mr. Hummel's arguments are without merit. *See Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003) (finding petitioner's argument without merit when the ALJ considered all of the petitioners impairments in the RFC).

In formulating the RFC, the ALJ specifically addressed Mr. Hummel's mental impairments. He examined Dr. Miller's opinion that found Mr. Hummel to be "cooperative and mannerly with good eye contact and normal psychomotor behavior" despite a depressed mood and blunted affect. (ECF No. 11 at PageID 93). The ALJ gave credence to Dr. Miller's opinion that Mr. Hummel was "alert and oriented with fair concentration, normal memory, and average intelligence" and that he "has no difficulty understanding, remembering, and carrying out instructions and interacting with others." (*Id.*).

The ALJ did not credit Dr. Miller's opinion that Mr. Hummel has some difficulty maintaining attention and concentration and dealing with workplace stress, because that conclusion was inconsistent with Dr. Miller's findings of normal cognitive functioning. (*Id.*) The ALJ further noted that Mr. Hummel reported that he does not take medication for depression, and that there is no indication of mental health treatment during the alleged period of

disability. (*Id.* at PageID 93-94). In examining the impact of Mr. Hummel's mental impairments, the ALJ found that the alleged social functioning defects are inconsistent with Mr. Hummel's activities of daily living. (*Id.* at 93).

In sum, the ALJ thoroughly considered the evidence regarding Mr. Hummel's mental functioning limitations. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation on this point and affirms the Commissioner's finding.

## B. The ALJ Properly Evaluated the Medical Opinion Evidence.

Mr. Hummel also objects to the Magistrate Judge's recommendation regarding the ALJ's treatment of Dr. Moore and Dr. Weaver's opinions. Upon review of the record, this Court finds substantial evidence in the record to support the limited weight the ALJ accorded to the opinions of Dr. Moore and Dr. Weaver.

As to Dr. Moore, Mr. Hummel correctly points out that an ALJ must give good reasons for rejecting a treating source's opinion. 20 C.F.R. § 416.927(c)(2); *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010) ("The ALJ's decision as to how much weight to accord a medical opinion must be accompanied by good reasons that are supported by the evidence in the case record, and must be sufficiently specific . . . ." (quotation omitted)).[2] The Court finds, however, that the ALJ did so here. The ALJ specifically found that Dr. Moore's opinion was inconsistent with other evidence in the record. (ECF No. 11 at PageID 94). For

---

[2] The Magistrate correctly stated the law on this issue. If an ALJ does not give a treating source's opinion controlling weight, the ALJ must consider "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *see also* 20 C.F.R. § 416.927(c)(2). But the ALJ need not explicitly address all of these factors within its written decision. *See Tilley v. Comm'r of Soc. Sec.*, 394 F. App'x 216, 222 (6th Cir. 2010).

6

example, Dr. Moore's opinion that Mr. Hummel has manipulative limitations is inconsistent with Dr. Weaver's assessment that Mr. Hummel has normal manipulative abilities.[3] Dr. Moore's opinion was also inconsistent with imaging, physical examination findings other sources, and Mr. Hummel's activities of daily living.

Mr. Hummel points to two specific errors allegedly made by the ALJ. First, he contends that the ALJ's assertion that Mr. Hummel's impairments were corrected by back surgery is incorrect, because the back surgery failed and he continued to require pain management treatment and medication following surgery. Second, Mr. Hummel argues that his ability to work as a barber is not inconsistent with Dr. Moore's opinion because Mr. Hummel was only able to work a few hours a week. But the ALJ correctly considered all of the evidence in reaching its conclusions, not just these two facts. Even an examination of the specific alleged errors themselves does not compel the conclusion that the ALJ's decision is not supported by substantial evidence. For instance, there is evidence in the record—which the ALJ cites to in his decision—that Dr. Zerick, Mr. Hummel's treating neurosurgeon, indicated on October 15, 2014 (after the surgery) that Mr. Hummel's back pain was "profoundly better" and "essentially resolved." (ECF No. 11 at PageID 92, 488).

In reviewing all of the evidence in the record, it cannot be said that there is not substantial evidence supporting the ALJ's conclusion—even if there is substantial evidence in the record that would have supported the opposite conclusion. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d at 406. While Mr. Hummel contends that the Magistrate Judge was merely reciting the ALJ's reasoning, the Magistrate Judge was properly examining the reasoning given by the ALJ

---

[3] Despite Mr. Hummel's contention, the ALJ was allowed to consider this inconsistency between the two doctors' testimony, even if other portions of their opinions were consistent.

to determine if it was supported by substantial evidence. Thus, the Court upholds the Magistrate Judge's finding affirming the ALJ's decision to give little weight to Dr. Moore's opinion.

As to Dr. Weaver, Mr. Hummel first argues that Dr. Weaver's opinion was consistent with his own physical examination findings, and therefore the ALJ's assumption that he relied upon subjective statements made by Mr. Hummel is not supported. But the Magistrate Judge specifically noted that she need not reach the issue of whether Dr. Weaver relied overmuch on Mr. Hummel's subjective report of symptoms. (ECF No. 19 at 21). The Magistrate Judge relied on the ALJ's determination that Dr. Weaver's opinion was "vague" and couched in probabilistic terms, that his observations conflicted with over evidence in the record, and that it conflicts with Mr. Hummel's own testimony with respect to his activities of daily-living. Thus, this argument is without merit. Mr. Hummel next repeats his arguments that the back surgery was not successful and that Mr. Hummel's work as a barber should not be considered. Given the Court's reasoning above, these arguments are unpersuasive.

The ALJ fairly weighed the evidence as a whole, crediting that which was consistent with the record and discrediting that which stood as an outlier. Moreover, the ALJ appropriately explained his findings and the weight he accorded to each source. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation on this point and affirms the Commissioner's decision.

## IV. CONCLUSION

For these reasons, the Court **ACCEPTS** and **AFFIRMS** Magistrate Judge Deavers's **Report and Recommendation** (ECF No. 19), thereby **OVERRULING** Mr. Hummel's objection (ECF No. 20). The Commissioner's denial of benefits is **AFFIRMED**. This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                                     **/s/ Algenon L. Marbley**
                                                  **ALGENON L. MARBLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED: March 19, 2018**